DANIEL J. BRODERICK, #89424
Federal Defender
COURTNEY FEIN, Bar #244785
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
WILLIAM JAGGER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:96-CR-0355 EJG |
| Plaintiff, | |
| v. | **PETITION REQUESTING DISCLOSURE OF PROBATION RECORDS; ORDER (proposed)** |
| WILLIAM JAGGER, | |
| Defendant. | Judge: Hon. Edward J. Garcia |

Pursuant to Local Rule 461 of the Eastern District of California, Mr. Jagger hereby requests that the Court order Probation to disclose a copy of the evaluation report prepared by forensic psychologist Dr. John Wicks. This request extends to the complete written report and to medical records or other related records (such as emails or chronos) that are stored only in electronic form (text messages, email, or any other electronic memorandum or note) but have not been printed or added to the file or to the report itself. Mr. Jagger asks that these materials be disclosed to him as soon as possible but no later than October 28, 2011, one week in advance of the disposition hearing.

Local Rule 461 authorizes the Court to order the release of otherwise-confidential

probation records upon a showing by any party of "the need for specific records." The need for records in this case is to investigate the following: (1) Mr. Jagger's competency and (2) the affect any mental illness or disability Mr. Jagger may have on his both his behavior and his ability to comply with the conditions of supervision.

Mr. Jagger is alleged to have violated supervision in one respect: that he failed to report to his probation officer thereby preventing him from participating in supervision at all. Federal prosecutors have a constitutional obligation to disclose exculpatory and mitigating evidence to the defendant along with inculpatory and aggravating evidence. Such information in the form of Dr. Wicks' report is in the possession of the United States Probation Office. Based on the Pre-Sentence Report in the case underlying this term of supervision, there is no question that the file concerning Mr. Jagger contains medical diagnoses such as bi-polar disorder and frontal lobe damage that would be mitigating. *See* PSR at 10. Defense counsel must be allowed to examine that report in full in order to effectively represent Mr. Jagger at the disposition hearing and determine if Mr. Jagger's competency is in question. Disclosing the evidence in advance will also prevent delays arising from requests under the Jencks Act (18 U.S.C. § 3500) and Fed. R. Crim. P. 26.2.

A proposed order is attached for the Court's convenience. Defense counsel does not necessarily require a hard copy of the report; counsel would be grateful for an electronic copy or an opportunity to review and copy the report in person.

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

Dated: October 11, 2011

/s/ Courtney Fein
COURTNEY FEIN
Assistant Federal Defender
Attorney for WILLIAM JAGGER

# ORDER

The probation officer is hereby ordered to provide to defendant copies of the complete report prepared by Dr. John Wicks (including information stored in an electronic format) prior to noon on Friday, October 28, 2011. The office may instead choose to provide access to the entire report as noted above, with an opportunity to copy documents defendant may wish to use at the hearing.

IT IS SO ORDERED.

Dated: October 11, 2011

HON. EDWARD J. GARCIA
Senior United States District Judge

Pet. Requesting Disclosure
of Probation Records            -3-